# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **DAVID MEYERS,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:18CV00435 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **DIRECTOR HAROLD CLARKE,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Respondent. | ) | |

*David Meyers, Pro Se Petitioner.*

The plaintiff, David Meyers, a Virginia inmate proceeding pro se, has filed a pleading titled "PETITION FOR WRIT OF MANDAMUS" and related motions. Pet. 1, ECF No. 1. After review of the record, I conclude that this action must be summarily dismissed for lack of jurisdiction.

Liberally construed, Meyers is asking this federal court to issue a Petition for a Writ of Mandamus under 28 U.S.C. §1651 against Harold W. Clarke, the Director of the Virginia Department of Corrections ("VDOC"). Meyers states, in conclusory fashion, that VDOC officials at the prison where he is confined have allowed or are perpetrating constitutional violations against Meyers that place him in danger of physical harm. He contends that I can simply order Clarke to "stop the abuse." Pet. 2, ECF No. 1.

This court, however, does not have mandamus authority to compel a particular action by a state official. *See Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969). The authority of federal courts to issue extraordinary writs, such as mandamus petitions, derives from the "All Writs Act," 28 U.S.C. §1651, and "exists for the sole purpose of protecting the respective jurisdictions of those courts." *Gurley*, 411 F.2d at 587. Accordingly, I find no factual or legal basis for the relief that Meyers is seeking and conclude that this civil action must be summarily dismissed as frivolous. *See* 42 U.S.C. § 1915A(b)(1) (requiring court to dismiss prisoner civil action that "seeks redress from a governmental entity or officer" if the court determines it "is frivolous, malicious, fails to state a claim").[1]

A separate Final Order will be entered herewith.

DATED: September 7, 2018

/s/ James P. Jones
United States District Judge

---

[1] I note that Meyers has three "strikes" so as to be barred under 28 U.S.C. § 1915(g) absent facts showing that he is in imminent danger of serious physical harm, which he has not presented here. Moreover, Meyers' allegations in this case are duplicative of allegations already addressed in his prior civil action in this court under 42 U.S.C. § 1983, Case No. 7:18CV00029. That case has been referred to the magistrate judge, who has conducted an evidentiary hearing on whether Meyers is in imminent danger where he is currently confined. For these reasons, I decline to construe Meyers' submissions in this case to be a new § 1983 action.